91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lee Anne Dorothy HANSON, aka: Leeanne Dorothy Hanson; aka:
Leeanne D. Hanson; aka: t/n: Leanne Dorthy
Knowles, Defendant-Appellant.
 No. 95-50289.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant-appellant Lee Anne Dorothy Hanson ("Hanson") pled guilty to aiding and abetting the making of false statements in a loan application in violation of 18 U.S.C. §§ 2 and 1014. The district court sentenced her to 18 months incarceration, applying the 1993 version of the United States Sentencing Guidelines ("Guidelines"). On appeal, Hanson contends that the 1989 Guidelines should have been used to determine her sentence, as it was that version which was in effect at the time the crime was committed. Hanson raises for the first time on appeal the claim that use of the 1989 Guidelines would have resulted in a lighter sentence. Therefore, Hanson asserts that the district court's use of the 1993 Guidelines violated the ex post facto clause of the U.S. Constitution. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.
 
 
 3
 The Guidelines in effect on the date of sentencing are to be used in calculating a defendant's offense level, unless use of that version of the Guidelines would violate the ex post facto clause, in which case the court should use the Guidelines in effect at the time the offense was committed. U.S.S.G. § 1B1.11(a), (b)1.
 
 
 4
 A sentence violates the ex post facto clause when two critical elements are present: "first the law must be retrospective, that is, it must apply to events occurring before its enactment'; and second, 'it must disadvantage the offender affected by it.' " Miller v. Florida, 482 U.S. 423, 430 (1987) (quoting Weaver v. Graham, 450 U.S. 24, 29 (1981)). Furthermore, "no ex post facto violation occurs if a change does not alter 'substantial personal rights,' but merely changes 'modes of procedure which do not affect matters of substance.' " Miller, 482 U.S. at 430 (quoting Dobbert v. Florida, 432 U.S. 282, 293 (1977)).
 
 
 5
 Although Hanson meets the first prong, she fails to satisfy the second prong. Hanson contends that the district court's reliance on the 1993 Guidelines gave rise to a higher sentence under § 3B1.2[1] because of 1990 Amendments to the guidelines.[2] She argues that under the 1989 Guidelines the court would not have been permitted to consider her role in falsifying other documents which were separate from the conviction offense.[3] Thus, she maintains, the court would have reduced her sentence under § 3B1.2 of the 1989 Guidelines.
 
 
 6
 In fact, Hanson's sentence would not have been reduced under the 1989 Guidelines. The 1989 Guidelines did not specifically address whether and how courts should consider collateral conduct in applying the mitigating role adjustment in § 3B1.2. However, in U.S. v. Savage, we held that even in a pre-1990 application of the guidelines, the adjustment for a mitigating role could be based on the "defendants' role in all 'relevant conduct,' which includes acts 'committed or aided or abetted by the defendant' in preparation for the offense." 67 F.3d 1435, 1443 (9th Cir.1995), cert. denied, 116 S.Ct. 964. Thus, Savage makes clear that even under the 1989 Guidelines, the district court could have considered conduct not included in her conviction offense.
 
 
 7
 Furthermore, before Savage, we had already held that the amendments contained in the 1990 Guidelines clarified the relationship between § 1B1.3 (Relevant Conduct) and §§ 3B1.1 and 3B1.2. United States v. Lillard, 929 F.2d 500, 503 (9th Cir.1991). We have previously held, in U.S. v. Restrepo, that clarifications are procedural and not substantive, and therefore do not implicate ex post facto principles. 903 F.2d 648, 655-56 (9th Cir.1990). As a result, reliance on the 1993 Guidelines does not constitute an ex post facto violation.
 
 
 8
 The district court's use of the 1993 Guidelines in calculating Hanson's sentence did not violate the ex post facto clause because she would not have received a lesser sentence had the district court used the 1989 Guidelines.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under both the 1989 and 1993 Guidelines, § 3B1.2 "Mitigating Role" states:
 Based on the defendant's role in the offense, decrease the offense level as follows:
 (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
 (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
 In cases falling between (a) and (b), decrease by 3 levels.
 
 
 [2]
 In November 1990, the "Introductory Commentary" to § 3B1 of the Guidelines was officially amended by adding the following:
 The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct), i.e., all conduct included under § 1B1.3(a)(1)-(4), and not solely on the basis of elements and acts cited in the count of conviction.
 However, where the defendant has received mitigation by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for a mitigating role under this section ordinarily is not warranted because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense.
 
 
 [3]
 During November and December 1989, Hanson prepared false tax returns in support of a $750,000 loan application submitted by her employers, Alice and Joseph Matejcek, to Imperial Savings and Loan Association, in violation of 18 U.S.C. §§ 2 and 1014. This loan was one of a series of five separate loans obtained from five separate financial institutions that Hanson assisted the Matejceks in obtaining by preparing false financial documentation. Hanson also prepared other false financial documents for each of the loans, including false personal financial statements to correspond to the false tax returns